UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY LUTHER MURRAY PRICE,<br><br>Plaintiff,<br><br>v.<br><br>RON BARNES, et al.,<br><br>Defendants. | No.  2:21-cv-0052 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims his rights were violated in connection with his extradition to Arizona.  Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1).  For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and recommend that the complaint be dismissed without leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (ECF No. 2.)  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

2

1  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
2  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
3  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
4  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at 389.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff alleges that defendants failed to follow the California Department of Corrections and Rehabilitation (CDCR) guidelines when he was extradited from California to Pinal County Arizona in violation of his due process rights.  He claims that he was subjected to cruel and unusual punishment because defendants did not address the fact that plaintiff would be housed in

3

administrative segregation upon his transfer to Arizona. He further alleges that defendants were responsible for transferring him to a facility that they knew could not provide sufficient medical treatment in light of plaintiff's medical needs.

He has identified the following defendants: (1) High Desert State Prison (HDSP) warden, Ron Barnes; (2) HDSP associate warden, M.E. Speerman; (3) CDCR director of operations, Jeffrey Beard; (4) CDCR secretary, Scott Kernan; (5) CDCR counselor, S. Woodyard; (6) correctional counselor supervisor, Ian Palmer; (7) CDCR appeals coordinator, T. Taber; (8) La Palma Correctional Center (LPCC) (superintendent/warden, J. Keeton; (9) LPCC psychiatric technician, Dr. Wendlandt; and (10) head clinician, John Doe. (ECF No. 1 at 7-10.)

Plaintiff seeks monetary damages as compensation for the alleged rights violations. (ECF No. 1 at 6.)

**III.    The Allegations in the Complaint Should be Dismissed as Duplicative**

Examination of the complaint and review of the Court's docket reveals that the complaint filed in this case contains allegations that were also presented in Price v. Barnes, No. 2:17-cv-0772 MCE EFB (E.D. Cal.).[1] In Barnes, 2:17-cv-0772, defendants' summary judgment motion was granted (ECF Nos. 50, 53), and judgment was entered on November 23, 2020. Thereafter, plaintiff appealed. (ECF Nos. 57, 58.) The Ninth Circuit later dismissed the appeal for failure to prosecute. (ECF No. 60.)

"A compliant 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e). See Bailey, 846 F.2d at 1021.

To determine whether a claim is duplicative, courts use the test for claim preclusion. Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007). "Thus, in

---

[1] A court may take judicial notice of its own record and the records of other courts. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 689 (citations omitted).

In both this action and in Price v. Barnes, 2:17-cv-0772 MCE EFB, plaintiff raises the same claims, against the same defendants, arising out of the same events, infringing upon the same rights, and seeking the same relief. The complaints in both actions are nearly identical. Thus, the complaint should be dismissed as frivolous because plaintiff has already litigated the allegations presented in a prior action. Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989) ("IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff) (citing Bailey, 846 F.2d 1019.

**IV.   Leave to Amend**

In light of the court's finding that this action is frivolous, it will further recommend that leave to amend be denied. See Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (noting that if a plaintiff's claims are frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend.").

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court shall randomly assign this action to a district judge.

IT IS HEREBY RECOMMENDED that this action be dismissed as frivolous.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty days after

being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 20, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/pric0052.scrn.fr

6